[Crim. No. 3081.  Second Appellate District, Division One.—April 7, 1938.]

THE PEOPLE, Respondent, v. ALFRED ARD, Appellant.

Leland E. Zeman for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, P. J.—Appellant was charged with and convicted upon two counts of violation of the state Narcotic Act, both counts alleging a prior conviction of felony. Count I alleges the possession of a preparation of morphine containing more than one-fourth grain of morphine to the avoirdupois ounce; and count II charges possession of a preparation of codeine containing more than one grain of codeine to the avoirdupois ounce.

The admitted facts are that the appellant was a trained nurse and received the narcotics referred to in the information as such nurse for use in the care of a patient whom he was attending and transporting to the state of Texas; that he received said narcotics for the purpose of administering them to said patient while en route and for treatment after their arrival in Texas. Within thirty days of their arrival in Texas, the patient died and appellant returned to California, thereafter having in his possession the narcotics which were found upon his person at the time of his arrest.

■ Appellant contends that by reason of the fact that the original possession of the narcotics by him was legal that he could not thereafter be charged with illegal possession thereof. As the right to the possession of the narcotics ceased upon the death of the patient for whom they had been prescribed, appellant's act of taking them into his possession and thereafter having such narcotics with him in the state of California, thereafter keeping them in his possession, constituted an illegal possession of the drugs. He had no authority under such prescription to possess the drugs at the time of his arrest, which was some thirty days after the death of the patient for whom the prescription was issued.

Although appellant did at one time come within the exception that it is unlawful to possess narcotics "except upon the written order or prescription of a physician and surgeon", his possession on the day of his arrest—some thirty days after the death of the patient—was not a possession upon such written order or prescription, even though he originally obtained the narcotics upon a valid prescription during the lifetime of his said patient.

The purported appeal from the sentence is dismissed.  The judgment and order appealed from are affirmed.

Doran, J., and White, J., concurred.